381681 — 02

2-23-14

Dear Abel Acosta, Clerk,

Please file this supplement to the writ of Mandamus presently at this Court. It should be specified as No. 8 of the STATEMENT OF FACTS at pg. No. 4. Consisting of 2 pages.

Thank You!

Jeffrey A Ward
Relator

DATE: 3/9/15

FILE IN WRIT FILE

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 25 2015

BY: Abel Acosta, Clerk

In Re Jeffrey L. Ward     2      In the Court
        Relator        2
                       2              OF
                       2
2nd Judicial District Court     2     CRIMINAL APPEALS
of Cherokee County        2
         Respondant      2

## SUPPLEMENATION TO WRIT OF MANDAMUS AT STATEMENT OF FACTS AT PG 4, NUMBER EIGHT.

No. 8. Relator asserts that this Honorable Court may of been mislead by the 2nd Judicial District Court of Cherokee County, Texas. Wherein, this Honorable Court determined relators initial Habeas Corpus. No. WR-38,681,01 and dismissed it, without ever being made aware of the exhistence of extremely material evidence. Derived from the partial evidentuary hearing held July 8th 1993, by the Honorable District Judge Bascom Bentley III. Creating a due Process violation. See! Giglio V. U.S. at 405 U.S. 150.

"Where suppression of material evidence justifies a new trial irrespective of the good faith of the Prosecutor" when the reliability of a given witness may well be determinative of guilt or innocence. Nondisclosure of evidence affecting credibility falls within this general rule.

The suppression of the material evidence that dealt with the legality of the applicants confinement, or that evidence not being shared with this Court so as to be utilized in there determination of an applicants Habeas Corpus, Caused an egregiously unfair and harmful determination by this Court, and denied due process of the applicant at that time.

Respectfully
Submitted

Jeffrey L. Ward #647619
Relator Pro Se